## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Matthew Hennessee, being duly sworn, state and depose as follows in support of the accompanying application for a seizure warrant for:

Pinnacle Bank Account No. 800104781869 in the name of Daniel Bryant

As detailed below, your affiant has probable cause to believe that the property listed above constitutes proceeds or property derived from the proceeds obtained, directly or indirectly, as a result of felony violations of 18 U.S.C. § 1201 (Kidnapping) and is therefore forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; violations of 18 U.S.C. § 2113 (Bank Robbery) and is forfeitable under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and violations of 18 U.S.C. § 1957 (Money Laundering) and is forfeitable pursuant to 18 U.S.C. §§ 982(a)(1) and 981(a)(1)(C). Additionally, the property is forfeitable under 18 U.S.C. § 981(a)(1)(A) as it was involved in a specified unlawful activity.

### Professional Training and Experience of Affiant

1. I currently am employed as a police officer with the Chattanooga Police Department ("CPD") in Chattanooga, Tennessee since for approximately 24 years. I am currently assigned as a Task Force Officer for the Federal Bureau of Investigation ("FBI"), Eastern District of Tennessee, Chattanooga Field Office, and have been so employed since May 2001. During my tenure as an investigator assigned to narcotics and violent crime investigations, I have gained a working knowledge of narcotics trafficking methods and techniques as well as violent crimes, including armed bank robbery, kidnapping, firearms use, etc. I have been training to conduct federal criminal investigations, particularly with respect to violent crime, locating and acquiring evidence of criminal activity, and seizing evidence and

1

assets related to/derived from such criminal activity. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement agencies and partners, and on my training and experience. Because this affidavit is being submitted for the limited purpose of securing a seizure warrant, I have not included each and every fact known to me concerning this investigation.

2. I am currently assigned to a joint kidnapping investigation being worked with the United States Attorney's Office for the Eastern District of Tennessee in conjunction with Special Agents of the FBI and the Chattanooga Police Department.

3. This affidavit is made in support of an application for the issuance of a seizure warrant with respect to a bank account listed in paragraph 8, which contain funds that consist of proceeds from kidnapping, bank robbery, and money laundering offenses and/or are traceable to such proceeds and/or are involved in a specified unlawful activity.

Probable Cause

4. On April 4, 2019, at approximately 1253 hours, officers with the Chattanooga Police Department responded to the Bank of America located at 3620 Tennessee Avenue, Chattanooga, Tennessee, in response to a report of a kidnapping. Once on-scene, officers made contact with the victim. The victim told officers that he had been taken against his will and forced to withdraw thousands of dollars from his bank account, and provided documentary evidence showing the transaction history proving the amount of money withdrawn. The CPD violent crimes unit responded and further interviewed the victim.

5. The victim stated that on Monday, April 1, 2019, at approximately 1200 hours, he dropped his pickup truck at Mountain View Chevrolet to have the vehicle serviced. The victim had recently purchased the truck at Mountain View Chevrolet after receiving a

2

substantial financial settlement resulting from severe on-the-job injuries that caused him to have one leg amputated and left him paralyzed on one side. The victim was offered a ride home by a Mountain View salesman identified by the victim as Daniel Bryant.

6. After the victim got into Bryant's vehicle, Bryant transported the victim against his will to the Bank of America branch located on Gunbarrel Road in Chattanooga, Tennessee. Bryant threatened to kill the victim and his family if the victim did not withdraw money from the victim's account. Over the course of two days, between April 1 and April 3, 2019, Bryant held the victim against his will and transported him to several bank branches in the Eastern District of Tennessee and elsewhere, forcing him to withdraw money from his account under fear of death. As a result of this threat, the victim did withdraw money from his accounts at the Bank of Tennessee, Gunbarrel Road bank branch, as well as other bank locations, all of which were then federally insured by the Federal Deposit Insurance Corporation ("FDIC"), totaling approximately $199,000 in cash and cashier's checks made out to Bryant.

7. During the kidnapping, Bryant took the victim across state lines to a hotel room in or near Atlanta, Georgia, where Bryant took the victim's cell phone and credit cards, and forced the victim to smoke crack cocaine.

8. On April 5, 2019, the FBI obtained bank records from Pinnacle Bank, in Nashville, Tennessee, related to the deposit of cashier's checks drawn upon the victim's Bank of America account and deposited into the account of Bryant. As a result of this inquiry, your Affiant has learned that on April 1, 2019, Bryant deposited a Bank of America Cashier's Check, No. 119200117771, issued from the Bank of America on Gunbarrel Road, Chattanooga, Tennessee, made out to Daniel Bryant, in the amount of $12,000.00 drawn from the victim's account into Pinnacle Bank Account No. 800104781869, held in the name of Daniel Bryant. Your affiant has also learned that on April 1, 2019, Bryant forced the victim to withdraw

3

$12,000.00 in cash from the Bank of America on Gunbarrel Road, Chattanooga, Tennessee, and that on April 1, 2019, Bryant deposited a combined $23,000.00 consisting of cash and the $12,000.00 Cashier's Check obtained from the victim's Bank of America account to Pinnacle Bank Account No. 800104781869, held in the name of Daniel Bryant. Your Affiant has also learned that on April 3, 2019, Bryant had deposited a Bank of America Cashier's Check, No. 1271921701, issued from the Bank of America at Arbor Place Mall in Douglasville, Georgia, made out to Daniel Bryant, in the amount of $175,000 drawn from the victim's account into Pinnacle Bank Account No. 800104781869, held in the name of Bryant. These facts are detailed in the chart below:

| Date | Debit/Withdrawal Account | Credit/Deposit Account | Amount |
| --- | --- | --- | --- |
| 4/1/2019 | Bank of America Cashier's Check, No. 119200117771, made out to Daniel Bryant and issued from Bank of American Account belonging to Victim | | $12,000.00 |
| 4/1/2019 | Cash withdraw from Bank of America Account belonging to Victim | | $12,000.00 |
| 4/1/2019 | | Deposit of Bank of America Cashier's Check, No. 119200117771 and U.S. Currency | $23,000.00 |
| 4/3/2019 | Bank of America Cashier's Check, No. 1271921701, made out to Daniel Bryant and issued from Bank of America Account belonging to Victim | Deposit of Bank of America Cashier's Check, No. 1271921701 | $175,000.00 |

9. Based on the foregoing, based upon the investigation to date, I have probable cause to believe that Daniel Bryant has committed kidnapping, in violation of Title 18, United States Code, Section 1201, bank robbery, in violation of Title 18, United States Code, Section 2113(a), and money laundering in violation of Title 18 United States Code, Section 1957. As

4

more fully detailed in the facts above, Daniel Bryant received $199,000.00 in funds illegally obtained from the victim's Bank of America account(s). Affiant contacted Pinnacle Bank and was informed that the current balance of bank account number 800104781869, in the name of Daniel Bryant, is $288,101.61.

## PROPERTY TO BE SEIZED

10. This affidavit is made in support of an application for the issuance of a seizure warrant with respect to the contents of the following bank account, which contains funds that consist of proceeds from the kidnapping, bank robbery, and money laundering violations described in the fully incorporated seizure warrant affidavit:

Bank Account

The contents of Pinnacle Bank, bank account number 800104781869, in the name of Daniel Bryant.

11. Financial records obtained during the course of this investigation revealed that these proceeds were deposited into a bank account owned and/or controlled by Daniel Bryant.

12. Insofar as criminal forfeiture is concerned, I know that a protective order would be inadequate to ensure the preservation of the funds in the above-listed bank accounts because funds stored electronically in bank accounts can be easily and almost instantaneously transferred from remote locations, and that financial institutions do not always act promptly to make all of their employees aware of restraints that are placed on such funds.

13. Moreover, with respect to civil forfeiture of fungible property, such as funds deposited in an account at a financial institution, I know that it is unnecessary "for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and that any identical property found in the same place or account as the property

5

involved in the offense that is the basis for the forfeiture shall be subject to forfeiture." 18 U.S.C. § 984.

14. With respect to the pre-indictment seizure of property, I know that the Court is authorized to issue a seizure warrant if the Court determines there is probable cause to believe that the subject property is forfeitable in the event of the possessor's conviction and that a protective order would be insufficient to assure the availability of the property for forfeiture upon conviction. *See* 21 U.S.C. § 853(f); *United States v. Parrett*, 530 F.3d 422, 429 (6th Cir. 2008) (explaining that the pre-trial restraint of *tainted* assets that are subject to forfeiture is permissible; holding that pre-trial restraint of untainted or substitute assets is unauthorized).

15. Said bank account is subject to seizure to United States pursuant to 21 U.S.C. §§ 853(e) and (f) by 18 U.S.C. § 982(b)(1) and criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), on the grounds that the funds contained in the above-listed accounts constitute proceeds that are directly traceable to violations of 18 U.S.C. § 1201 (Kidnapping) and 18 U.S.C. § 2113 (Bank Robbery), and pursuant to 18 U.S.C. § 982(a)(1), on the grounds the funds are involved in the offense, or are traceable to violations of 18 U.S.C. § 1957 (Money Laundering). For the reasons set forth above and in the fully incorporated seizure warrant affidavit, probable cause exists to seize the property in accordance with civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and in accordance with criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1). The property is further subject to seizure pursuant to 18 U.S.C. § 981(a)(1)(A) as involving a specified unlawful activity. For the reasons set forth above, probable cause exists to seize the property.

16. I submit there is probable cause to believe that Pinnacle Bank number ending in 1869, as outlined above, contains proceeds of the crimes listed and above.

17. The events described herein, and the location of the businesses and properties in

question occurred and are situated in the Eastern District of Tennessee and elsewhere, to include judicial districts in Georgia.

18. Accordingly, pursuant to 18 U.S.C. § 981(b)(1)(3), "a seizure warrant may be issued . . . by a judicial officer in any district in which the forfeiture action against the property may be filed under section 1355(b) of Title 28, and may be executed in any district in which the property is found." 18 U.S.C. § 981(b)(3).

19. Based on the foregoing information, I believe there is probable cause to believe that Daniel Bryant has committed violations of federal law, including Kidnapping, 18 U.S.C. § 1201, Bank Robbery, 18 U.S.C. § 2113(a), and Money Laundering, 18 U.S.C. § 1957. Furthermore, I have probable cause to believe that the funds maintained in the Subject Bank Account are subject to seizure and forfeiture.

FURTHER AFFIANT SAYETH NAUGHT.

*Matthew A. Hennessee*
Matthew Hennessee
FBI Task Force Officer

Subscribed and sworn before me this ___ day of April, 2019.

Christopher H. Steger
United States Magistrate Judge
Eastern District of Tennessee

7